# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL VINCENT LARSON,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>Defendant. | Case No. 20-cv-1926-BAS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO AWARD ATTORNEY'S FEES AND EXPENSES (ECF No. 22)** |

Plaintiff Mitchell Larson brought this case seeking judicial review of the final administrative decision of the Acting Commissioner of Social Security ("Commissioner") denying Plaintiff's claims for supplemental security income under Title XVI of the Social Security Act (the "Act"). (ECF No. 1.) On December 8, 2021, the parties jointly filed a motion to remand the instant proceeding to the Social Security Agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), requesting that the Court order the Clerk of Court to enter a final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner. (ECF No. 19.) The Court granted that joint motion on December 13, 2021. (ECF No. 20.)

Now before the Court is a joint motion to award Plaintiff attorney's fees and expenses in the amount of $3,000.00 under the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412(d). (Mot., ECF No. 22.) The joint motion is brought as a stipulation of a compromise settlement.

In determining whether to award fees under the EAJA, a Court must assess whether (1) the EAJA warrants fees under the particular facts and circumstances and (2) the fee award is a reasonable one. *See Pham v.* Berryhill, No. 15-cv-2107-BAS (DHB), 2018 WL 1336282, at *1 (S.D. Cal. Mar. 15, 2018); *Torquato v.* Saul, No. 17-cv-2127-BAS-NLS, 2020 WL 2849947, at *1 (S.D. Cal. June 2, 2020); *Escamilla v.* Saul, No. 17-cv-1621-BAS-JMA, 2020 WL 5065321, at *1 (S.D. Cal. Aug. 26, 2020).

The EAJA provides that "a court shall award a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 788, 796 (2002). Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award of attorney's fees unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (emphasis omitted). It also "must be substantially justified at each stage of the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (internal quotation marks omitted). "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination

was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1990)).

"It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258. Because the joint motion is silent on whether the government's position was justified or whether special circumstances existed, the government fails to carry its burden under the EAJA. Indeed, the government effectively stipulates that the underlying agency action had no reasonable basis in law and fact, and that there are no special circumstances that would make the award of attorney's fees unjust. Therefore, an award of attorney's fees in this case is appropriate.

Having determined that the EAJA supports an award of attorney's fees in this instance, the Court next must decide whether the $3,000.00 fee award is reasonable. Courts should apply the lodestar method in determining reasonable fees. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The court calculates the number of hours reasonably expended on the case—cutting nay excessive, redundant, or unnecessary hours—and multiplies those hours by a reasonable hourly rate. *Id.*

Here the parties have reached an agreement as to the amount of fees, and presumably stipulate to the fees' reasonableness. The Court agrees. Per Plaintiff's retention agreement, Plaintiff's attorney was to receive twenty-five percent of Plaintiff's past due benefits or $6,000.00 pursuant to 42 U.S.C. § 406(a)(2)(A), whichever was less, only if Plaintiff's case was successful. (Retention Agreement, ECF No. 22-1.) In light of these considerations, the agreed upon $3,000.00 appears reasonable. The joint motion provides additional terms regarding making the fees payable to Plaintiff to be assigned to his attorney and addresses offsets allowed under the United States Department of the Treasury's Offset Program. Additionally, the joint motion states that "[f]ees shall be made payable to Mitchell Larson, but if the Department of the Treasury determines that [he] does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to

1 Law Offices of Lawrence D. Rohlfing." (Joint Mot. 2.) Given the parties have
2 compromised to come to these terms, the Court finds these additional terms reasonable.
3      Accordingly, the Court finds Plaintiff, as the prevailing party, is entitled to attorney's
4 fees in this case and that the requested fees and terms are reasonable. Therefore, the Court
5 **GRANTS** the Joint Motion and awards Plaintiff attorney's fees in the amount of $3,000.00.
6      **IT IS SO ORDERED.**
7 **DATED: March 21, 2022**

Hon. Cynthia Bashant
United States District Judge